CLARENCE P. WESTON, Petitioner,
*vs.*
MOUNT DESERT AND EASTERN SHORE LAND COMPANY.

Hancock.    Opinion January 11, 1896.

*Writ.    Amendment.    Attachment.    Record.*

An officer made an attachment of real estate on April 27, 1891, and duly returned it to the registry of deeds. Some person unknown fraudulently changed the date of the attachment on the writ to April 28, and made the same alteration in the officer's return to the registry of deeds, and in the register's minutes and record of attachments. On petition of the plaintiff, *held*; that the officer was properly allowed to correct the date in his return on the writ, by restoring the original and true date.

ON EXCEPTIONS.

This was a petition praying that the date of the attachment, and returns on the writ and returns and records of the same in the registry of deeds, in Hancock county, where an action between the same parties had been defaulted and continued for judgment, might be restored by order of the court to conform to the facts.

The petition after alleging the bringing of the action on April 27, 1891, the making the attachment on that day by the officer and his return of the same into the office of the registry of deeds, etc., charges:

"That without knowledge or consent of said plaintiff and by some person unknown to him, the date, to wit, 'April 27th,' of said officer's return of said attachment on said writ has been changed to 'April 28th,'" etc.

"And for the information of the respondents hereto said plaintiff says that said attachment stands charged on said officer's books of account to G. P. Dutton, attorney for said plaintiff, as of April 27th, and on said officer's private docket of business transactions as made April 27th.

"And said petitioner further alleges that on the 17th day of January, 1891, Charles H. Lewis and Franklin D. White, in their capacity of president of and treasurer of said corporation,

[the defendant] and undertaking that their act was the act of the corporation, by their mortgage deed of that date and recorded January 27th, 1891, in volume 250, page 205, in the registry of deeds for Hancock county, undertook to convey to William Claflin and Dustin Lancey, trustees, all of the real estate in Hancock county of said corporation.

"And that an alleged vote of said corporation purporting to be confirmatory of said mortgage, and to have been passed April 28th, 1891, was received and recorded in said registry, May 1st, 1891, in volume 250, page 557.

"Wherefore said plaintiff prays that such notice as the court orders be given of this petition to said corporation and to said Claflin and Lancey, trustees, and that a hearing be had, and that the date of said attachment and returns on said writ and all returns and records in said registry of deeds of the same be restored by order of court to conform to the facts.

Clarence P. Weston, by<br>Geo. P. Dutton, Attorney."

"October 15th, 1894."

After due notice to the respondents, this petition was heard upon the affidavits of the officer and another witness by the presiding justice, who made the following order and to which the respondents took exceptions:

"Supreme Judicial Court.    January Term, 1895.

"Motion granted so far as to allow the attaching officer to restore the true date of his return according to the fact. This had best be done by making a new return according to the truth, and the officer may endorse such return upon the writ."

The original returns on the back of the writ and photographic copies, taken under the direction of the clerk of the court, accompanied the bill of exceptions.

*George P. Dutton*, for plaintiff.

*J. A. Peters, Jr.*, for defendant trustees.

Counsel cited: *Fairfield* v. *Paine*, 23 Maine, 498; *Bessey* v. *Vose*, 73 Maine, 217; *Milliken* v. *Bailey*, 61 Maine, 316. The return of attachment was complete and perfect in itself on

October 15, 1894, the date of the petition praying to have it changed. It was all there; there was nothing missing. There was no inconsistency in it. It was clear, and furnished notice to anyone who saw it that the attachment was made April 28th.

It is true that the date of the return shows evidence of alteration; but it is common knowledge that officers, as well as other persons, will write a date wrong and often roughly correct it by an erasure and new figure. If this alone will invalidate a return or authorize an officer to make a new return, other rights having intervened, and say at his discretion what the date should be, there is little safety in returns.

There was no reason for an amendment. The petitioner hardly claims this. He asks for a change. We urge that no change could be made by the officer under the law allowing him to amend. The discretion of the judge in the matter of amendments has to be legally exercised.

It may be argued that this was not an amendment, but a change, a "restoration." Courts have full power over their own records and can order any change. We do not, of course, deny this proposition; but we suggest that the change was not ordered in a proper manner. In the first place, because the court did not order what change, if any, should be made; but delegated to a private citizen, an ex-deputy sheriff, its power of decision, and expressly burdened him with the necessity of deciding what the "fact" was and making a new return according to what he should find to be the "truth." The officer was to decide as to the truth of his own affidavit, (without the assistance of cross-examination and argument,) and make a new return after he should make up his own mind. We submit that this is not the exercise of power by the court over its own records. In this case there would be two returns on the back of the writ, as the existing return was to be allowed to stand and another one made on the same writ below. This was subsequently done as a matter of fact.

If the officer's return was not made to be the 28th, as he said it was not in his affidavit, and his return has been changed without his consent, then this return of the 28th is not his

return, and the writ has no officer's return upon it. In such a case the officer cannot be permitted, as against these interested third parties, to make a new or any other return. This was practically decided in the second ground of opinion in *Bessey* v. *Vose,* supra.

We do not mean to be understood as arguing that there is no remedy for a fraudulent or other alteration of an officer's return of attachment. When the facts can be ascertained conclusively, after an examination of testimony on both sides, undoubtedly proper orders can be made whereby the original record can be restored. We submit that an ex-officer cannot do this under the power of amendment, nor can the court delegate to him the right to adjudicate upon the facts and make a new return to suit himself.

SITTING: PETERS, C. J., WALTON, FOSTER, WHITEHOUSE, WISWELL, STROUT, JJ.

STROUT, J. The evidence shows that, on the 27th day of April, 1891, at 12.15 P. M., a deputy sheriff attached real estate in suit of this plaintiff against this defendant, and on the same day made a proper return of the attachment to the register of deeds in Hancock county, and made his return upon the writ under the date of April 27. That subsequently some unknown person wrongfully changed the date of the return upon the writ to the 28th, and made the same alteration in the officer's return to the registry of deeds, and in the register's minutes thereon, and in the record of attachment in said register's office. That this was done without the knowledge or consent of the plaintiff, or of the officer making the attachment. This petition asks to have all these dates restored to those originally made.

The judge who heard the case, after notice to parties interested, granted the petition "so far as to allow the attaching officer to restore the true date of his return according to the fact. This had best be done by making a new return according to the truth, and the officer may endorse such return upon the writ." To this ruling exceptions were taken by William Claflin

and Dustin Lancey, trustees under a mortgage to them from the defendant company of all its real estate in Hancock county. The mortgage was dated January 17, 1891, and recorded January 27, 1891.

The petitioner did not seek, and the court did not grant, an amendment of the officer's return. The relief sought and granted was only a restoration of the date originally made and written by the officer, a displacement of a fraudulent alteration, and restoration to its condition as it was before the fraudulent alteration.

Judicial records are always under the control of the court. It would be a reproach to the law if, in case of fraudulent alterations of its records, the court could not eliminate the fraud, and restore the record to its original, authentic character. Whether this is done in the present case, by erasing the fraudulent figure 8, and restoring the true and originally written figure 7, or by rewriting the whole return with the date of April 27, is immaterial. The result is the same. In either case the fraud is eliminated, as it should be, and the officer's return stands as it was originally written.

*Exceptions overruled.*